IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DERRICK and ANITA SEYMORE;
SHANE SMITH;
THADDEUS and KAY WINTERS;
BRIAN and STEPHANIE PARKER;
KEITH GRIFFIN;
ARNOLD and SHELLY FELBERMAYER;
JAMES and NORMA TAYLOR;
GENE and EMMA ADAMS;
CONNIE and STEWART KIRBY;
GREGORY HORNESS;
ANTHONY and SHERRY HEALY;
LINDA CRIDER;
JONATHAN and RENEE GORDON;
JEFFREY AND SARA MESKO; and,
BRIAN STROUD                                          PLAINTIFFS

vs.                            NO. 4:10-CV-239 BSM

UNION PACIFIC RAILROAD COMPANY                        DEFENDANT

## PLAINTIFFS' MOTIONS IN LIMINE

Come now the plaintiffs, referenced above, by and through their attorney, James F. Swindoll of the Law Offices of James F. Swindoll and for their Motions In Limine, allege and state as follows:

## INTRODUCTION

At the end of plaintiffs' case, counsel will choose to proceed to the jury on one of two theories: either trespass or negligence.  Despite which

theory is actually chosen, counsel will need to prove three (3) necessary elements in order to prove the case.   1) Plaintiffs must prove that the defendant had a duty as the owner of the land to protect the persons and property of the plaintiffs from damages resulting from a condition upon the defendant's land.   2)   Plaintiffs must prove that the defendant knew, or should have known, of an unreasonable danger created by its land.   3) Plaintiffs must prove that the defendant failed, after having a reasonable opportunity, to eliminate the danger or otherwise protect the persons or property of the plaintiffs.

In a trespass case, the plaintiffs must prove that the defendant created and maintained inadequate drainage upon its land which then caused impounded water to damage the land and property of the plaintiffs. Plaintiffs must prove that the defendant knew, or should have known, of the unreasonable danger created by its rail bed and the impounded water and that there was a significant danger of flooding caused by their inadequate drainage.   The defendant knew that the plaintiffs did not consent to have water being forced upon their respective properties.   Plaintiffs must also prove that the defendant failed to eliminate the danger and that in the thirty (30) years since the water began to back up, the defendant did nothing to protect the people or reduce the danger their drainage issue had created.

In addition, the defendant has done nothing to reduce or obviate the flooding and is admittedly required by its own rules to notice and eliminate these dangers.

Once the plaintiffs prove these three (3) elements, a violation of the defendant's duty or a trespass has been established. Thus, the evidence allowed in this case should either support or oppose these elements. As detailed more fully below, plaintiffs believe the defense will attempt to introduce a significant amount of "extraneous" information which has nothing to do with the elements of proof in this case. As shown below, the evidence the defendant is attempting to introduce is either irrelevant to the issues in this case or highly prejudicial and likely to contaminate the jury.

1.    **FEMA's Flood Plain Insurance Program**.    Plaintiffs move to exclude defense counsel from making any inferences or references to the flood plain insurance program of FEMA, the City of Beebe's participation in the flood plain insurance program, and the City of Beebe's compliance with development in the flood plain insurance program. FEMA's flood insurance program is a program provided by FEMA to the City of Beebe and does not directly involve the individual residents of the City of Beebe. Plaintiffs believe the defendant will attempt to offer evidence about when and how the Windwood Subdivision was built, and the City of Beebe's compliance

with FEMA in developing the Windwood Subdivision.  Any discussion about this is unrelated to the individuals' purchases and possession of their respective homes.

The information about FEMA does not involve the plaintiffs because the dealings with FEMA were not on their behalf and involve actions years before the plaintiffs became owners and possessors of the homes in question.  This is analogous to a person who is going the speed limit and is hurt and the defendant wants to talk about and introduce evidence of the setting of the speed limit years back and whether it was done properly.  In this case, the interest that is under attack is that of ownership and possession not the accuracy of administrative filings including a base flood elevation.

This request is governed by Rule 402 of the ARCP, which states that evidence which is not relevant is not admissible.   Whether FEMA administers a flood plain insurance program and whether the City of Beebe was involved in said program and was in compliance with said program is irrelevant to the issues involved in this case.  This case involves individual homeowners who were not directly involved in the flood plain insurance program and have nothing to do with whether the City of Beebe complies with said program.   Assuming, arguendo, that there is any relevance to

these arguments, any reference to same is prohibited pursuant to Rule 403 ARCP, as it would be more prejudicial than probative and would likely confuse and mislead the jury.   Additionally, the mention of the flood insurance program is a collateral source, which is not admissible.   See Parrish v. Newton, 298 Ark. 404, 768 S.W.2d 17 (1989) (holding that evidence showing an injured person received benefits from a collateral source is inadmissible unless relevant for some purpose other than the mitigation of damages).

Respectfully submitted,

/s/ **James F. Swindoll**
Bar Number 77131
Attorney for Plaintiffs
Law Offices of James F. Swindoll
212 Center Street, Suite 300
Little Rock, Arkansas  72201
(501) 374-1290
E-mail: jswindoll@swindolllaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

Mr. Joseph P. McKay
Mr. Travis J. Flower
**Friday, Eldredge & Clark, LLP**
Attorneys at Law
400 Capitol Ave., Suite 2000
Little Rock, Arkansas  72201

/s/ **James F. Swindoll**
Bar Number 77131
Attorney for Plaintiffs
Law Offices of James F. Swindoll
212 Center Street, Suite 300
Little Rock, Arkansas  72201
(501) 374-1290
E-mail: jswindoll@swindolllaw.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DERRICK and ANITA SEYMORE;
SHANE SMITH;
THADDEUS and KAY WINTERS;
BRIAN and STEPHANIE PARKER;
KEITH GRIFFIN;
ARNOLD and SHELLY FELBERMAYER;
JAMES and NORMA TAYLOR;
GENE and EMMA ADAMS;
CONNIE and STEWART KIRBY;
GREGORY HORNESS;
ANTHONY and SHERRY HEALY;
LINDA CRIDER;
JONATHAN and RENEE GORDON;
JEFFREY AND SARA MESKO; and,
BRIAN STROUD                                                                    PLAINTIFFS

vs.                                    NO. 4:10-CV-239 BSM

UNION PACIFIC RAILROAD COMPANY                              DEFENDANT


## PLAINTIFFS' MOTIONS IN LIMINE

Come now the plaintiffs, referenced above, by and through their attorney, James F. Swindoll of the Law Offices of James F. Swindoll and for their Motions In Limine, allege and state as follows:

Plaintiffs incorporate the Introduction paragraphs set forth above in Limine #1 on pages 1-3 as if fully set forth herein.

2.   **Prior history of the base flood elevation determinations and plaintiffs' knowledge of FEMA and base flood elevations.**

Plaintiffs move to exclude defense counsel from making any inferences or references to the history of what the base flood elevations were at different times in the Windwood Subdivision and specifically, what the base flood elevations were at the time the homeowners purchased their homes.  Plaintiffs' purchase of their homes was legitimate and legal and the prior base flood elevation determinations are not relevant to their individual purchases or their right to possession when the floods occurred.

The testimony adduced in this case illustrates that the base flood elevation was determined to be 217 at the time the homes were constructed and all homes were built above that base flood elevation.  As such, whether the base flood elevation changed at a later time is irrelevant. (In 2005, the base flood elevation changed to 220).  In this case, the water reached a certain elevation and height that flooded the subdivision. Whatever the label of the area was that was given by the administrative bodies is a silent attack on the ownership and possession of the plaintiffs' homes at the time of the trespass and negligence by the defendant.  All this testimony is irrelevant under Rule 402 ARCP.  Assuming, arguendo, that there is any relevance to these arguments, any reference to same is

prohibited pursuant to Rule 403 ARCP, as it would be more prejudicial than probative and would likely confuse and mislead the jury.

Respectfully submitted,

/s/ **James F. Swindoll**
Bar Number 77131
Attorney for Plaintiffs
Law Offices of James F. Swindoll
212 Center Street, Suite 300
Little Rock, Arkansas  72201
(501) 374-1290
E-mail: jswindoll@swindolllaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

Mr. Joseph P. McKay
Mr. Travis J. Flower
**Friday, Eldredge & Clark, LLP**
Attorneys at Law
400 Capitol Ave., Suite 2000
Little Rock, Arkansas  72201

/s/ **James F. Swindoll**
Bar Number 77131
Attorney for Plaintiffs
Law Offices of James F. Swindoll
212 Center Street, Suite 300
Little Rock, Arkansas  72201
(501) 374-1290
E-mail: jswindoll@swindolllaw.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DERRICK and ANITA SEYMORE;
SHANE SMITH;
THADDEUS and KAY WINTERS;
BRIAN and STEPHANIE PARKER;
KEITH GRIFFIN;
ARNOLD and SHELLY FELBERMAYER;
JAMES and NORMA TAYLOR;
GENE and EMMA ADAMS;
CONNIE and STEWART KIRBY;
GREGORY HORNESS;
ANTHONY and SHERRY HEALY;
LINDA CRIDER;
JONATHAN and RENEE GORDON;
JEFFREY AND SARA MESKO; and,
BRIAN STROUD                                               PLAINTIFFS

vs.                          NO. 4:10-CV-239 BSM

UNION PACIFIC RAILROAD COMPANY                DEFENDANT


**PLAINTIFFS' MOTIONS IN LIMINE**

Come now the plaintiffs, referenced above, by and through their

attorney, James F. Swindoll of the Law Offices of James F. Swindoll and

for their Motions In Limine, allege and state as follows:

Plaintiffs incorporate the Introduction paragraphs set forth above in Limine

#1 on pages 1-3 as if fully set forth herein.

3.      **Individual Flood Insurance Policies and its Proceeds.**

Plaintiffs move to exclude defense counsel from making any inferences or

references to the fact that any plaintiff maintained a policy of flood insurance or that any plaintiff made a claim under said policy of flood insurance or that any proceeds were collected from flood insurance. Whether the plaintiffs had flood insurance is irrelevant to proving their home was damaged by recurring floods.   Any money received by any plaintiff from a flood insurance policy would be a collateral source, which is not admissible.   <u>See</u> <u>Parrish v. Newton</u>, 298 Ark. 404, 768 S.W.2d 17 (1989) (holding that evidence showing an injured person received benefits from a collateral source is inadmissible unless relevant for some purpose other than the mitigation of damages).

Plaintiffs also move in Limine to avoid any mention of two lawsuits to recover proceeds from the mortgage companies who were responsible for having flood insurance on the two houses.  These recoveries were in the nature of a collateral source since they replace insurance that was supposed to be on the homes in question.  Under the rationale that it would be an unwarranted windfall for the defendant to profit from these suits just as if they were insurance proceeds which they replaced.

Respectfully submitted,

/s/ **James F. Swindoll**
Bar Number 77131
Attorney for Plaintiffs

Law Offices of James F. Swindoll
212 Center Street, Suite 300
Little Rock, Arkansas  72201
(501) 374-1290
E-mail: jswindoll@swindolllaw.com


## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on September 2, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

Mr. Joseph P. McKay
Mr. Travis J. Flower
**Friday, Eldredge & Clark, LLP**
Attorneys at Law
400 Capitol Ave., Suite 2000
Little Rock, Arkansas  72201


      /s/ **James F. Swindoll**
Bar Number 77131
Attorney for Plaintiffs
Law Offices of James F. Swindoll
212 Center Street, Suite 300
Little Rock, Arkansas  72201
(501) 374-1290
E-mail: jswindoll@swindolllaw.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DERRICK and ANITA SEYMORE;
SHANE SMITH;
THADDEUS and KAY WINTERS;
BRIAN and STEPHANIE PARKER;
KEITH GRIFFIN;
ARNOLD and SHELLY FELBERMAYER;
JAMES and NORMA TAYLOR;
GENE and EMMA ADAMS;
CONNIE and STEWART KIRBY;
GREGORY HORNESS;
ANTHONY and SHERRY HEALY;
LINDA CRIDER;
JONATHAN and RENEE GORDON;
JEFFREY AND SARA MESKO; and,
BRIAN STROUD                                                    PLAINTIFFS

vs.                              NO. 4:10-CV-239 BSM

UNION PACIFIC RAILROAD COMPANY                    DEFENDANT

## PLAINTIFFS' MOTIONS IN LIMINE

Come now the plaintiffs, referenced above, by and through their attorney, James F. Swindoll of the Law Offices of James F. Swindoll and for their Motions In Limine, allege and state as follows:

Plaintiffs incorporate the Introduction paragraphs set forth above in Limine #1 on pages 1-3 as if fully set forth herein.

4.      **Defendant's Experts Should be Excluded.** Plaintiffs move to prevent the defendant's experts, Mr. David L. Mitchell and Mr. Rob

Stallings, from testifying in this case.   Counsel for defendant failed to disclose the information required on the fees these expert witnesses received.  This failure to disclose was in violation of the discovery rules and the disclosures mandated by this Court.

Assuming, arguendo, that this Court allows Mr. Mitchell and Mr. Stallings to testify, their respective testimonies should be restricted to the 2009 floods.  Neither expert witness offered any opinion as to the flooding which occurred in May of this year.  As no opinions have been rendered to date, these witnesses should be instructed that they are not to offer any testimony and/or opinion as to the May, 2011 flooding.  Plaintiffs move to strike these witnesses for non-compliance with the rules for disclosure mandated by the Federal Rules of Civil Procedure.

Respectfully submitted,

/s/ **James F. Swindoll**
Bar Number 77131
Attorney for Plaintiffs
Law Offices of James F. Swindoll
212 Center Street, Suite 300
Little Rock, Arkansas  72201
(501) 374-1290
E-mail: jswindoll@swindolllaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

Mr. Joseph P. McKay
Mr. Travis J. Flower
**Friday, Eldredge & Clark, LLP**
Attorneys at Law
400 Capitol Ave., Suite 2000
Little Rock, Arkansas  72201

/s/ **James F. Swindoll**
Bar Number 77131
Attorney for Plaintiffs
Law Offices of James F. Swindoll
212 Center Street, Suite 300
Little Rock, Arkansas  72201
(501) 374-1290
E-mail: jswindoll@swindolllaw.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DERRICK and ANITA SEYMORE;
SHANE SMITH;
THADDEUS and KAY WINTERS;
BRIAN and STEPHANIE PARKER;
KEITH GRIFFIN;
ARNOLD and SHELLY FELBERMAYER;
JAMES and NORMA TAYLOR;
GENE and EMMA ADAMS;
CONNIE and STEWART KIRBY;
GREGORY HORNESS;
ANTHONY and SHERRY HEALY;
LINDA CRIDER;
JONATHAN and RENEE GORDON;
JEFFREY AND SARA MESKO; and,
BRIAN STROUD                                                    PLAINTIFFS

vs.                              NO. 4:10-CV-239 BSM

UNION PACIFIC RAILROAD COMPANY                    DEFENDANT


## PLAINTIFFS' MOTIONS IN LIMINE

Come now the plaintiffs, referenced above, by and through their attorney, James F. Swindoll of the Law Offices of James F. Swindoll and for their Motions In Limine, allege and state as follows:

Plaintiffs incorporate the Introduction paragraphs set forth above in Limine #1 on pages 1-3 as if fully set forth herein.

5.      **Taxation of Damages Recovered.** Plaintiffs move to prevent reference to the fact that damages recovered in a lawsuit are not subject to

taxation by any governmental entity.   Evidence concerning the tax consequences of recovered damage amounts is irrelevant to the issues involved in this case.  As such, any reference to such is inadmissible under Rule 402 ARCP.  Further, reference to the taxation of recovered damages is prohibited pursuant to Rule 403 ARCP, as it would be more prejudicial than probative and would likely confuse and mislead the jury.

Respectfully submitted,

/s/ **James F. Swindoll**
Bar Number 77131
Attorney for Plaintiffs
Law Offices of James F. Swindoll
212 Center Street, Suite 300
Little Rock, Arkansas  72201
(501) 374-1290
E-mail: jswindoll@swindolllaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

Mr. Joseph P. McKay
Mr. Travis J. Flower
**Friday, Eldredge & Clark, LLP**
Attorneys at Law
400 Capitol Ave., Suite 2000
Little Rock, Arkansas  72201

/s/ **James F. Swindoll**
Bar Number 77131
Attorney for Plaintiffs
Law Offices of James F. Swindoll
212 Center Street, Suite 300
Little Rock, Arkansas  72201
(501) 374-1290
E-mail: jswindoll@swindolllaw.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DERRICK and ANITA SEYMORE;
SHANE SMITH;
THADDEUS and KAY WINTERS;
BRIAN and STEPHANIE PARKER;
KEITH GRIFFIN;
ARNOLD and SHELLY FELBERMAYER;
JAMES and NORMA TAYLOR;
GENE and EMMA ADAMS;
CONNIE and STEWART KIRBY;
GREGORY HORNESS;
ANTHONY and SHERRY HEALY;
LINDA CRIDER;
JONATHAN and RENEE GORDON;
JEFFREY AND SARA MESKO; and,
BRIAN STROUD                                                         PLAINTIFFS

vs.                             NO. 4:10-CV-239 BSM

UNION PACIFIC RAILROAD COMPANY                     DEFENDANT

## PLAINTIFFS' MOTIONS IN LIMINE

Come now the plaintiffs, referenced above, by and through their attorney, James F. Swindoll of the Law Offices of James F. Swindoll and for their Motions In Limine, allege and state as follows:

Plaintiffs incorporate the Introduction paragraphs set forth above in Limine #1 on pages 1-3 as if fully set forth herein.

6.     **Financial Effect of Jury's Verdict.** Plaintiffs move in limine to prevent defendant's counsel from making any reference in closing

arguments or at any other juncture during the trial of this matter, regarding any financial or economic effect a verdict on behalf of the plaintiff will have on any defendant. Plaintiff requests that any such reference "open the door" to defendant's insurance coverage and/or that said reference be viewed by the Court as sufficient grounds for a mistrial.   Evidence concerning the financial effect of a verdict on a party is irrelevant to the issues involved in this case.  As such, any reference to such is inadmissible under Rule 402 ARCP.  Additionally, any reference to same is prohibited pursuant to Rule 403 ARCP, as it would be more prejudicial than probative and would likely confuse and mislead the jury.

Respectfully submitted,

/s/ **James F. Swindoll**
Bar Number 77131
Attorney for Plaintiffs
Law Offices of James F. Swindoll
212 Center Street, Suite 300
Little Rock, Arkansas  72201
(501) 374-1290
E-mail: jswindoll@swindolllaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

Mr. Joseph P. McKay
Mr. Travis J. Flower
**Friday, Eldredge & Clark, LLP**
Attorneys at Law
400 Capitol Ave., Suite 2000
Little Rock, Arkansas  72201

/s/ **James F. Swindoll**
Bar Number 77131
Attorney for Plaintiffs
Law Offices of James F. Swindoll
212 Center Street, Suite 300
Little Rock, Arkansas  72201
(501) 374-1290
E-mail: jswindoll@swindolllaw.com