```
 1              IN THE UNITED STATES DISTRICT COURT
                FOR THE EASTERN DISTRICT OF ARKANSAS
 2                         WESTERN DIVISION

 3    DERRICK AND ANITA SEYMORE;
      SHANE SMITH; THADDEUS AND
 4    KAY WINTERS; BRIAN AND STEPHANIE
      PARKER; KEITH GRIFFIN;
 5    ARNOLD AND SHELBY FELBERMAYER;
      JAMES AND NORMA TAYLOR;
 6    GENE AND EMMA ADAMS;
      CONNIE AND STEWART KIRBY;
 7    GREGORY HORNESS;
      ANTHONY AND SHERRY HEALY;
 8    LINDA CRIDER; JONATHAN AND
      RENEE GORDON
 9
                                            PLAINTIFF
10
      VS.            NO. 4:10-CV-239 BSM
11
      UNION PACIFIC RAILROAD COMPANY
12                                          DEFENDANT

13

14

15

16                    ORAL DEPOSITION

17                          OF

18                    JONATHAN GORDON
                      (Taken May 6, 2011)
19

20

21

22                                       ORIGINAL
23

24

25

                 Gwendolyn R. LaSalle, CCR
                   Bushman Court Reporting
                      (501) 372-5115
```

| | |
|---|---|
| 1 | A. Okay. |
| 2 | Q. Okay. Before I ask you about that, I need to ask you |
| 3 | about something else. Do you know if there was any -- do you |
| 4 | know what a licensed appraiser is? |
| 5 | A. Yeah. |
| 6 | Q. That's somebody that goes in and establishes the value of |
| 7 | a house based upon the market and comparable sales. Do you |
| 8 | know if there was an appraiser that appraised your house at |
| 9 | the time you all bought it? |
| 10 | A. I don't remember. |
| 11 | Q. Okay. Do you have any education, training, experience, |
| 12 | or licenses in appraising homes? |
| 13 | A. No, sir. |
| 14 | Q. So, I presume any opinions you would have as to the value |
| 15 | of the home before or after a flood would be speculation? |
| 16 | A. Yes, sir. |
| 17 | Q. Okay. And then in your construction business, the |
| 18 | experience you had, did you have any experience in repairing |
| 19 | flood damage? |
| 20 | A. No, sir. |
| 21 | Q. Okay. Did you have any experience in estimating the cost |
| 22 | of damage to a structure as a result of a flood? |
| 23 | A. No, sir. |
| 24 | Q. So, any opinions in that regard would be speculation, |
| 25 | too, I guess? |

Case 4:10-cv-00239-BSM   Document 66-10   Filed 09/02/11   Page 3 of 6

24

```
 1   A.   Yes, sir.
 2   Q.   Okay.  Now, if I can see that again, let's go to this.
 3   There were several things that your wife said you all had
 4   listed out.  First of all, this Exhibit 146, is that your
 5   wife's handwriting?
 6   A.   Yes, sir.
 7   Q.   Did you participate in developing this list?
 8   A.   Briefly.
 9   Q.   Okay.  Did y'all sit down and she said, Let's go through
10   and figure out what all damages we have?
11   A.   Yes, sir.
12   Q.   Okay.  And she -- at the top, it says, "Items Bought to
13   Repair Garage:  Sheetrock saw, utility knife, sheetrock nails,
14   chalk line, 14 sheets of sheetrock, and insulation."  That I
15   presume were materials that you all bought to repair the house
16   after the December 2009 flood?
17   A.   Yes, sir.
18   Q.   Okay.  And do you know how much you spent on those
19   materials?
20   A.   No, sir.
21   Q.   Do you have a ballpark?  I mean, an estimate?
22   A.   No, sir.
23   Q.   Okay.  Do you have any receipts or credit card receipts
24   or anything that would show how much you all spent on those
25   materials to repair the house?
```

Gwendolyn R. LaSalle, CCR
Bushman Court Reporting
(501) 372-5115

```
 1    October or December 2009 flood?
 2    A.   No, sir.  The only thing I remember is hearing that we
 3    broke some kind of 100-year-old record for rainfall that year.
 4    That's all that I remember.
 5    Q.   Okay.  And do you remember where you heard that?  Was
 6    that in the paper or --
 7    A.   I'm sure that was probably conversation.
 8    Q.   Did you attend any meetings at City Hall after the
 9    flooding?
10    A.   No, sir.
11    Q.   Okay.  Did you attend any meetings in the neighborhood
12    after the flooding?
13    A.   No, sir.
14    Q.   With the exception of meeting with your lawyers, did you
15    attend any meetings at all concerning the flooding?
16    A.   No, sir.
17    Q.   Okay.  Have you ever talked to anyone from Union Pacific
18    Railroad?
19    A.   No, sir.
20    Q.   Have you ever been down to look at the bridges and the
21    trestles in this area between Beebe and Ward, Arkansas?
22    A.   No, sir.
23    Q.   Have you talked to anyone that has said, I've gone down
24    and looked at the bridges and trestles along the railroad in
25    this area?
```

1    land not being in the 100-year floodplain, do you hold the
2    surveyor responsible for your damages?
3                   MS. GILBERT:  Objection.  That calls for
4              speculation and facts not in evidence.
5    BY MR. McKAY:
6    Q.   Go ahead.
7    A.   I mean, if you're saying that he lied about something,
8    then I'm saying yeah, sure.
9    Q.   Well, regardless of if he lied -- let's say he made a
10   mistake.  And let's say he certified that your house was not
11   in the 100-year floodplain when in actuality it was.  Do you
12   hold him responsible for the damages you're sustained?
13                  MS. GILBERT:  Same objection.
14                  THE WITNESS:  Yes, sir.
15   BY MR. McKAY:
16   Q.   You think he's responsible for the damages you've
17   sustained?
18                  MS. GILBERT:  Same objection.
19                  THE WITNESS:  Yes, sir.
20   BY MR. McKAY:
21   Q.   Okay.  Is there anyone else other than the City, the
22   developer, the surveyor, the builder that you would attribute
23   responsibility or fault for the damages that you've sustained?
24   A.   Not anybody that I can think of that I haven't already
25   named, no, sir.

                        Gwendolyn R. LaSalle, CCR
                        Bushman Court Reporting
                            (501) 372-5115

```
 1                    C E R T I F I C A T E

 2   STATE OF ARKANSAS}
                      }ss.
 3   COUNTY OF PULASKI}

 4   RE:  ORAL DEPOSITION OF JONATHAN GORDON

 5           I, GWENDOLYN R. LASALLE, Certified Court Reporter,
     do hereby certify that the transcript of the foregoing
 6   deposition accurately reflects the testimony given; and that
     the foregoing was transcribed by me, or under my supervision,
 7   on my Eclipse computerized transcription system from my
     machine shorthand notes taken at the time and place set out on
 8   the caption hereto, the witness having been duly cautioned and
     sworn, or affirmed, to tell the truth, the whole truth and
 9   nothing but the truth.
             I FURTHER CERTIFY that I am neither counsel for,
10   related to, nor employed by any of the parties to the action
     in which this proceeding was taken; and, further, that I am
11   not a relative or employee of any attorney or counsel employed
     by the parties hereto, nor financially interested, or
12   otherwise, in the outcome of this action.
             In accordance with the Arkansas Rules of Civil
13   Procedure, Rule 30(e), review of the foregoing transcript by
     the witness was not requested by the deponent or any party
14   thereto.
             GIVEN UNDER MY HAND AND SEAL OF OFFICE on this the
15   23rd day of May, 2011.

16

17
                              _____
18                            Gwendolyn R. LaSalle, CCR
                              LS Certificate No. 510
19

20

21

22

23

24

25

                       Gwendolyn R. LaSalle, CCR
                        Bushman Court Reporting
                           (501) 372-5115
```