IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DERRICK and ANITA SEYMORE;
SHANE SMITH;
THADDEUS and KAY WINTERS;
BRIAN and STEPHANIE PARKER;
KEITH GRIFFIN;
ARNOLD and SHELLY FELBERMAYER;
JAMES and NORMA TAYLOR;
GENE and EMMA ADAMS;
CONNIE and STEWART KIRBY;
GREGORY HORNESS;
ANTHONY and SHERRY HEALY;
LINDA CRIDER;
JONATHAN and RENEE GORDON; and
MELTON and RUTH HAYNIE                                                   PLAINTIFFS

vs.                    CASE NO.; 4:10CR00239 BSM

UNION PACIFIC RAILROAD COMPANY                                            DEFENDANT

**PLAINTIFF'S ANSWER TO DEFENDANT'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION TO PLAINTIFFS DERRICK AND ANITA SEYMORE**

Comes now the Plaintiffs, Derrick and Anita Seymore, by and through their attorneys, James F. Swindoll and the Law Offices of James F Swindoll, and give the following answers to Defendant's First Interrogatories and Requests for Production.

INTERROGATORY NO. 1: How long have you lived at the location described in your complaint.

ANSWER TO INTERROGATORY NO. 1: Since September 2005.

INTERROGATORY NO. 2: State whether and when the property at issue has flooded prior to the incident described in your complaint. If your answer is in the affirmative, please describe fully each incident.

ANSWER TO INTERROGATORY NO. 2: Not to my knowledge.

INTERROGATORY NO. 3: State whether you or anyone else, including but not limited to public agencies, have performed work on or around the affected property in an effort to improve or change the drainage or flow of water in and around your property. If your answer is in the affirmative, please describe fully each incident.

ANSWER TO INTERROGATORY NO. 3: Not to my knowledge.

INTERROGATORY NO. 4: State whether you know of any changes made to the flood plain in or around the property at issue. If your answer is in the affirmative, please describe fully each incident.

ANSWER TO INTERROGATORY NO. 4: Not to my knowledge.

INTERROGATORY NO. 5: State the insurance policy number, name and address of any insurers you had in force on the property at the time of the alleged incident.

ANSWER TO INTERROGATORY NO. 5: Title insurance; White County Title Insurance Co., 120 N. Spring Street, Searcy, AR 72143, Commitment #32696. Homeowners Insurance; Columbia Insurance group, 2102 White Gate Drive, P.O. Box 618, Columbia, MO 65205.

REQUEST FOR PRODUCTION NO 1: For each insurance policy you had in force on the property at the time of the alleged incident, please produce copies of each of the policies described above.

RESPONSE TO REQUEST FOR PRODUCTION NO. 1: See attached.

INTERROGATORY NO.6: State specific amounts and from whom you have received insurance proceeds, disaster relief, or any other financial assistance of this incident.

ANSWER TO INTERROGATORY NO. 6: None received.

REQUEST FOR PRODUCTION NO. 2: Produce receipts of all moneys expended to repair or replace property as a result of this incident.

RESPONSE TO REQUEST FOR PRODUCTION NO. 2: See attached.

INTERROGATORY NO. 7: Please provide the names, telephone numbers and occupations of any lay or expert witnesses whom you or your attorneys may call to testify at the trial of this case, and for each expert witness, please state:

(a) his or her specialty

(b) the subject matter on which the expert is expected to testify,

(c) The substance of the facts and opinions to which the expert is expected to testify, and

(d) A summary of the grounds for each opinion as required by Arkansas Rules of Civil Procedure

ANSWER TO INTERROGATORY NO. 7:

1) Donald E. Beavers, P.E. B&F Engineering, 928 Airport Road, Hot Springs, Arkansas 71913. Expert engineer will testify as to flooding levels in the area and that additional openings under the track would have reduced the flooding level.

2) Jerry Overton, ATOKA, P.O. Box 2450, Hot Springs, AR 72914, (501)623-1121, is an expert hydrologist who will testify about the impact of Union Pacific's actions on the water drainage, clogging of the trestles and flooding in the area caused by Union Pacific.

3) Derrick & Anita Seymore, 1011 Tori Lane, Beebe, AR 72012. (501)288-4924, are Plaintiffs herein and will testify as to the facts of the flooding and damage to their home and property.

4) Bill Thompson, 8713 Highway 161, North Little Rock, AR. (501)920-0600, is a retired Union Pacific employee who will testify that he helped push dirt up under one of the trestles when it burned in the 1960's, and that several equipment operators who were building Highway 67/167 at the time helped move dirt up under the trestles after the fire burned out. Mr. Thompson will also testify that this was supposed to be a temporary solution and that Union Pacific was supposed to come back and fix the trestles, but they never did.

5) Buddy Guyot, owner of land adjacent to one of the trestles, will testify that he was in his field when one of the trestles caught on fire as the result of sparks from train wheels on a train passing by. Mr. Guyot spoke to Bill Thompson, a Union Pacific employee at the time, while Mr. Thompson was pushing dirt under the trestles as a temporary fix for Union Pacific. Mr. Guyot will testify that one trestle burned in the 1960's and another in the 1970's. He will also testify that there were originally four trestles to drain the area, which is the primary drainage path for Cypress Bayou including the affected areas, but that now there are only two. He will also testify that one of the two remaining trestles is partially blocked reducing it to twenty feet in width instead of the original forty feet. (501)416-5386

6) Mike Robertson, 321 N. Elm Street, Beebe, AR (501)882-9608, Mayor of the city of Beebe, is familiar with the flooding problems in the Windwood subdivision and recalls fires at the railroad trestles in the past. He contacted Union Pacific in relation to the flooding problems, and was told to "give them a few million dollars" and they would rectify the problem.

7) Milton McCullough, 321 N. Elm St. Beebe, AR 72012, is Flood Plain Administrator for the City of Beebe. His opinion is that if the trestles had remained intact and open there would be a lot less flooding in the area.

8) All plaintiffs listed in the Complaint will testify as to the facts.

We will amend this answer as more witnesses and information become available.

INTERROGATORY NO. 8: Please provide the name, address and telephone number of all individuals who you know or suspect to have information relating to the subject matter of the above captioned lawsuit and provide a description of the information known by the individuals listed in response to the preceding request.

ANSWER TO INTERROGATORY NO. 8: See answer to Interrogatory No. 7. We will amend this answer as more information becomes available.

INTERROGATORY NO. 9: Please state all facts which you believe support your claim that Union Pacific negligently designed and maintained its track rails, track beds and trestle.

ANSWER TO INTERROGATORY NO. 9: The original placement of the rail beds through a drainage area created a situation where trestles, and constant maintenance of the trestles, were required in order to avoid flooding. The trestles were built of wood, which over time became dry and susceptible to burning from the sparks that are produced by railroad wheels. When two of the trestles were damaged or destroyed by fire, Union Pacific failed to maintain or replace the damaged trestles, instead shoving dirt under the rail bed and creating a situation where flooding was likely. The remaining two trestles were inadequate to drain the area, and due to lack of maintenance became blocked from debris, causing the floods that are the subject of this lawsuit.

INTERROGATORY NO. 10:    Please state all facts which you believe support your claim that Union Pacific's track rails, track beds and trestle created a dam, or otherwise created a proximate cause of the flooding and damages asserting in your complaint

ANSWER TO INTERROGATORY NO. 10:    See answer to Interrogatory No. 9.

REQUEST FOR PRODUCTION NO. 4:    Please produce any documents which are responsive to the preceding interrogatory.

RESPONSE TO REQUEST FOR PRODUCTION NO. 4:    See General Exhibits, Exhibits "A," and "C," photographs of the flooding, and Exhibit "B," B&F Engineering letter.

INTERROGATORY NO. 11:    Please state all facts which you believe support your claim that Union Pacific failed to take remedial action to reduce or eliminate the blocking or backup of naturally draining waters.

ANSWER TO INTERROGATORY NO. 11:    See General Exhibits, Exhibit "A.", During conferences with Mike Robinson, Mayor of the City of Beebe in response to complaints and prayers for help with the flooding, Union Pacific indicated that it has a list of miles of track that need repair, that it works the list, and that when it hears from a lawyer complaining of flooding and requesting help the section in question is removed from that list and is not maintained.  Union Pacific failed to maintain the trestles, failed to remedy the drainage problems created by its track bed, failed to take remedial action after the two floods in October and December 2009, and has failed to take remedial action in the time since those floods.

REQUEST FOR PRODUCTION NO. 5:    Please produce any documents which are responsive to the preceding interrogatory.

RESPONSE TO REQUEST FOR PRODUCTION NO. 5:    See General Exhibits, Exhibits "A" and "C."  We will amend this response as more documents become available.

INTERROGATORY NO. 12:   Please state all facts which you believe support your claim that Union Pacific design and maintenance had a causal link to the flooding of the Plaintiffs' homes and property.

ANSWER TO INTERROGATORY NO 12:   See answer to Interrogatory No. 9.

REQUEST FOR PRODUCTION NO. 6:   Please produce any documents which are responsive to the preceding interrogatory.

RESPONSE TO REQUEST FOR PRODUCTION NO. 6:   See General Exhibits, Exhibits "A" and "C."

INTERROGATORY NO. 13:   Please state all facts which you believe support your allegation that Union Pacific violated Ark. Code Ann. § 23-12-204.

ANSWER TO INTERROGATORY NO. 13:   Ark. Code Ann. § 23-12-204 requires that a railroad effectively drain its roadbeds. Union Pacific has failed to comply with this statute, intentionally blocking two of its trestles and allowing the other two trestles to deteriorate and become blocked, causing flooding which damaged the plaintiff's home in violation of 23-12-204. See also answer to Interrogatory No. 9.

REQUEST FOR PRODUCTION NO. 7:   Please produce any documents which are responsive to the preceding interrogatory.

RESPONSE TO REQUEST FOR PRODUCTION NO. 7:   General Exhibits, Exhibits "A" and "C." We will amend this response as more documents become available.

INTERROGATORY NO. 14:   Please state all facts which you believe support your allegation that Union Pacific's conduct created a nuisance.

ANSWER TO INTERROGATORY NO. 14:   Union Pacific's intentional blocking of its trestles and its negligent failure to maintain its trestles and rail beds or to design its rail

beds in such a way as to allow the necessary drainage of the waterway caused water to back up and flood the plaintiffs' nearby property. The flooding and resulting damage to the plaintiffs' home and belongings substantially interfered with the plaintiffs' use and enjoyment of their property.

INTERROGATORY NO. 15: Please state all facts which you believe support your allegation that Union Pacific committed a trespass.

ANSWER TO INTERROGATORY NO. 15: Union Pacific negligently built and maintained its roadbed so that it blocked a natural waterway and failed to allow or to maintain effective drainage. These negligent actions proximately caused water to back up and enter on to Plaintiff's property, causing damage to the Plaintiffs and their property and interfering with their use and enjoyment of the property.

REQUEST FOR PRODUCTION NO. 8: Please produce any documents which support your claim for compensatory damages for remediation, clean up and restoration for the property at issue.

RESPONSE TO REQUEST FOR PRODUCTION NO. 8: See response to Requests No. 2 and No. 9. We will amend this response as more documents become available.

INTERROGATORY NO. 16: Itemize the damages you allegedly sustained as a result of this incident. For any personal property losses, please identify how you determined the itemized value.

ANSWER TO INTERROGATORY NO. 16: See response to Request No. 2. We will amend this response as more documents become available.

REQUEST FOR PRODUCTION NO. 9: Please produce any documents which support your claim for damages.

RESPONSE TO REQUEST FOR PRODUCTION NO. 9:  See attached photos. See also General Exhibits "A" and "C," and response to Request No. 2.  We will amend this response as more documents become available.

INTERROGATORY NO. 17:  Please state each and every action giving rise to this suit, on the part of Union Pacific, which you believe was willful, wanton, or malicious.

ANSWER TO INTERROGATORY NO. 17:   Union Pacific was informed of the status of its roadbed and the danger of flooding and failed to take corrective action.  Mr. Mike Robertson, current mayor of the city of Beebe, will testify that he has seen this area flood on several occasions and when he contacted Union Pacific Railroad about the problem, he was told "to give them a few million dollars" and they would rectify the problem.  Mr. Robertson stated that the railroad representative seemed very arrogant.  Mr. Buddy Guyot, who owns property adjoining one of the trestles, will testify that he saw sparks from the train wheels ignite accumulated brush and debris catching the trestle on fire. The railroad put out the fire and inadequately remedied the damage by pushing dirt up under the trestle. When Mr. Guyot told Union Pacific representative Bill Thompson that Union Pacific needed to fix the trestle, Mr. Thompson told him "that the Railroad had a slew of lawyers and that they would keep it tied up for years." Mr. Guyot will also testify that "There were originally four railroad trestles for the area to drain. Now there are only two and one of them was originally forty feet wide and now has been closed to approximately twenty feet." Mr. Bill Thompson, who worked for Union Pacific and has now retired, will testify that he was present when one of the trestles burned during the construction of Highway 67/167, and that several equipment operators working on the highway help to push dirt up under the trestles at his request. He will also testify that Union Pacific was supposed to come back and fix the trestles, but apparently did not.

REQUEST FOR PRODUCTION NO. 10: Please produce any documents which support your claim for punitive damages.

RESPONSE TO REQUEST FOR PRODUCTION NO. 10: See General Exhibits "A" "B" and "C." We will amend this response as documents become available.

INTERROGATORY NO. 18: Is the property at issue located in a flood plain? If so, please state how and when you learned that the property was in a flood plain.

ANSWER TO INTERROGATORY NO. 18: We received a flood certificate on August 31, 2005, upon purchase of our property that stated that it was not in a flood plain.

REQUEST FOR PRODUCTION NO. 11: Please produce any documents involving flood plain mapping for the area at issue.

RESPONSE TO REQUEST FOR PRODUCTION NO. 11: See General Exhibit "A."

INTERROGATORY NO. 19: At anytime before, during or after you purchased the property at issue, were there any disclosures or discussions regarding flooding, flood plains, high water, water damage or any other water related issues with said property? Please state in detail the substance of those disclosures and discussions as well as the name, address and telephone number of the parties involved.

ANSWER TO INTERROGATORY NO. 19: See answer to Interrogatory No. 18.

REQUEST FOR PRODUCTION NO. 12: Please produce any and all documents arising out of your purchase of the property at issue.

RESPONSE TO REQUEST FOR PRODUCTION NO. 12: See attached.

REQUEST FOR PRODUCTION NO. 13: Please produce any and all documents arising out of your purchase of the property at issue that deal with flood plains.

RESPONSE TO REQUEST FOR PRODUCTION NO. 13: See attached Flood Certificate.

REQUEST FOR PRODUCTION NO. 14: Please produce any and all documents arising out of your purchase of the property at issue that deal with flooding.

RESPONSE TO REQUEST FOR PRODUCTION NO. 14: See response to Request for Production No. 13.

REQUEST FOR PRODUCTION NO. 15: Please produce any and all documents arising out of your purchase of the property at issue that deal with water related issues.

RESPONSE TO REQUEST FOR PRODUCTION NO. 15: See response to Request for Production No. 13.

INTERROGATORY NO. 20: State the name, address and telephone number of the person who sold you the property, the title company who closed your purchase of the property, and any Realtors involved in the sale or purchase of the property.

ANSWER TO INTERROGATORY NO. 20:

1) Phoenix Development and Construction, LLC. 104 Ridge Cove, Beebe, AR 72012

2) White County Title Co, Inc., 120 N. Spring Street, Searcy, AR, 72143 (501)305-4745

3) Re/Max of Beebe Realty, 2108 WQ. Dewitt Henry Drive, Beebe, AR 72012. (501)882-0777

          Respectfully submitted,

          **JAMES F. SWINDOLL**
          **Law Offices of James F. Swindoll**
          Attorneys at Law
          212 Center Street, Suite 300
          Little Rock, Arkansas 72201
          (501) 374-1290 - Telephone
          (501) 374-3857 - Facsimile

JAMES F. SWINDOLL
Bar No. 77131

## CERTIFICATE OF SERVICE

I, James F. Swindoll, do hereby certify that a copy of the foregoing document has been served upon the following:

JOSEPH P. MCKAY
TRAVIS J. FOWLER
FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol, Suite 2000
Little Rock, AR 72201-3522

on this the _____ day of _____, 2010.

JAMES F. SWINDOLL