IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**DERRICK and ANITA SEYMORE;
SHANE SMITH; THADDEUS and
KAY WINTERS; BRIAN and STEPHANIE
PARKER; KEITH GRIFFIN;
ARNOLD and SHELLY FELBERMAYER;
JAMES and NORMA TAYLOR;
GENE and EMMA ADAMS;
CONNIE and STEWART KIRBY;
GREGORY HORNESS; and
ANTHONY and SHERRY HEALY;
LINDA CRIDER; JOHNATHAN and
RENEE GORDON;**      **PLAINTIFFS**

**vs.**      **CASE NO.: 4:10-cv-239 BSM**

**UNION PACIFIC RAILROAD COMPANY**      **DEFENDANT**

## DEFENDANT'S SECOND MOTION IN LIMINE

Based on the Court's ruling (Doc. # 67) on Defendant's Motions for Summary Judgment (Doc. #'s 28 and 38), Plaintiffs should be precluded from introducing evidence, and their counsel should be prohibited from arguing to the jury or implying in questions to witnesses that decades prior to the flooding in this case, Union Pacific removed or shortened trestles. Evidence that the railroad removed a trestle in 1972 and 1980 or that it may have shortened a trestle in 1996, is not relevant to whether Union Pacific was providing proper drainage in 2009 and 2011.

Defendant understands that the Court's ruling recognized that Plaintiffs are not pursuing claims based on construction or design. *See* Doc. # 67, pg. 5. The Court's ruling stated that "plaintiffs' cause of action is based on a statutorily defined ongoing duty to maintain proper drainage." *See* Doc. # 67, pg. 6. Under that theory of liability, the amount of drainage 13-40 years ago is not relevant to whether Union Pacific was providing proper drainage *on the date of the floods*. Thus, the railroad's actions 13-40 years before the flooding at issue in this case are

1

irrelevant and should be excluded under Rule 402. Moreover, any discussion about trestles that were removed in 1972 and 1980, or about a trestle that may have been shortened in 1996 would be unduly prejudicial to Union Pacific and would only confuse the jury. Therefore, any testimony or argument regarding trestles that were removed or shortened should be excluded under Rule 403 as well. For the foregoing reasons, Plaintiffs should be prohibited from introducing evidence or arguing to the jury regarding the trestles that were removed in 1972 and 1980 and the trestle that may have been shortened in 1996.

Respectfully submitted,

JOSEPH P. MCKAY (99006)
TRAVIS J. FOWLER #2007223
WILLIAM D. SHELTON, JR. # 2011086
FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol, Suite 2000
Little Rock, AR 72201-3522
501-370-1497 – Telephone
501-376-2147 – Facsimile

Attorney for Defendant Union Pacific Railroad Company

By: /s/ Joseph P. McKay
      JOSEPH P. MCKAY

## CERTIFICATE OF SERVICE

I, Joseph P. McKay, hereby certify that a true and correct copy of the foregoing pleading has been filed using the CM/ECF system on this 7th day of September, 2011 and the clerk of the court will forward a copy to the following:

James F. Swindoll
Law Offices of James F. Swindoll
Attorneys at Law
212 Center St., Suite 300
Little Rock, AR 72201

        /s/ Joseph P. McKay
        JOSEPH P. MCKAY