## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

DERRICK and ANITA SEYMORE;
SHANE SMITH; THADDEUS and
KAY WINTERS; BRIAN and STEPHANIE
PARKER; KEITH GRIFFIN;
ARNOLD and SHELLY FELBERMAYER;
JAMES and NORMA TAYLOR;
GENE and EMMA ADAMS;
CONNIE and STEWART KIRBY;
GREGORY HORNESS; and
ANTHONY and SHERRY HEALY;
LINDA CRIDER; JOHNATHAN and
RENEE GORDON;                                                                 PLAINTIFFS

vs.                                    CASE NO.:  4:10-cv-239 BSM

UNION PACIFIC RAILROAD COMPANY                              DEFENDANT

### DEFENDANT'S THIRD MOTION IN LIMINE

Plaintiffs should be precluded from introducing evidence, and their counsel should be prohibited from arguing to the jury or implying in questions to witnesses that the railroad settled a claim with Bud Guyot concerning the land at issue.  Defendant anticipates that Plaintiffs may offer testimony regarding the settlement with Bud Guyot.  Evidence of the settlement with Bud Guyot and argument to the jury regarding the settlement should be excluded by Rules 402 and 408, and 403.

Relevant evidence is that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.  Evidence that is not relevant must be excluded. Fed. R. Evid. 402.  The settlement with Bud Guyot does not make it more or less likely that Union Pacific was providing adequate drainage on the day of the floods. Therefore, evidence of the settlement should be excluded under Rule 402.

Rule 408 prohibits the admission of evidence that shows a party furnished valuable consideration in compromise of a claim when the evidence is "offered to prove liability for . . . a claim." Fed. R. Evid. 408(a). Introduction of the settlement should also be excluded under Rule 403 because it is unduly prejudical to Union Pacific. Although a compromise is <u>not</u> an admission of liability, a jury could be misled into believing that Union Pacific admitted liability for damages caused the flooding. Accordingly, the settlement should also be excluded under Rules 408 and 403.

Respectfully submitted,

JOSEPH P. MCKAY (99006)
TRAVIS J. FOWLER #2007223
WILLIAM D. SHELTON, JR. # 2011086
FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol, Suite 2000
Little Rock, AR  72201-3522
501-370-1497 – Telephone
501-376-2147 – Facsimile

Attorney for Defendant Union Pacific Railroad Company

By:   /s/ Joseph P. McKay
          JOSEPH P. MCKAY

**CERTIFICATE OF SERVICE**

I, Joseph P. McKay, hereby certify that a true and correct copy of the foregoing pleading has been filed using the CM/ECF system on this th day of September, 2011 and the clerk of the court will forward a copy to the following:

James F. Swindoll
Law Offices of James F. Swindoll
Attorneys at Law
212 Center St., Suite 300
Little Rock, AR 72201

/s/ Joseph P. McKay
JOSEPH P. MCKAY
