## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

DERRICK and ANITA SEYMORE;
SHANE SMITH; THADDEUS and
KAY WINTERS; BRIAN and STEPHANIE
PARKER; KEITH GRIFFIN;
ARNOLD and SHELLY FELBERMAYER;
JAMES and NORMA TAYLOR;
GENE and EMMA ADAMS;
CONNIE and STEWART KIRBY;
GREGORY HORNESS; and
ANTHONY and SHERRY HEALY;
LINDA CRIDER; JOHNATHAN and
RENEE GORDON;                                              PLAINTIFFS

vs.                          CASE NO.:  4:10-cv-239 BSM

UNION PACIFIC RAILROAD COMPANY                            DEFENDANT

### DEFENDANT'S FOURTH MOTION IN LIMINE

For the reasons outlined below, Plaintiffs should be precluded from introducing evidence

of prior floods.  Defendant anticipates that Plaintiff will attempt to introduce a video from Greg

Horness showing that properties flooded in Windwood Subdivision in 2001.  Plaintiffs may also

attempt to introduce testimony from witnesses as to the 2001 flood.  Plaintiffs have not sued

Union Pacific for the 2001 flood and such evidence would prejudice Union Pacific.  Therefore,

the evidence should not be allowed because it is irrelevant and should be excluded under Fed. R.

Evid. 402 and prejudicial under Fed. R. Evid. 403.

Any cause of action related to the 2001 flood is barred by the statute of limitations and

Plaintiffs are not entitled to recover damages related thereto.  The fact that a flood occurred is

irrelevant to Plaintiffs' claims that they suffered damages in 2009 and 2011.  It is undisputed that

Plaintiffs' properties flooded in 2009 and 2011. Therefore, evidence of a prior flood does not make a disputed fact more likely than not.

Defendant anticipates Plaintiffs will argue that such floods put Union Pacific on notice. Each Plaintiff testified that he or she had never talked to anyone at Union Pacific. There is no evidence that anyone reported to Union Pacific that homes in the Windwood Subdivision flooded in 2001 or for any flood prior to the October 2009 flood. The video of Greg Horness shows that the flood occurred at night. The Winwood Subdivision would not be visible by passing trains at night due to a tree line next to the rails and the fact that the neighborhood is 1000 feet away. Because trains run south of the subdivision, the train's headlight would never illuminate the neighborhood. For these reasons there is no evidence that the 2001 flood put Union Pacific on notice that homes had flooded. For these reasons, evidence of flooding prior to the October 2009 flood is irrelevant and prejudicial. Therefore, it should be excluded.

Respectfully submitted,

JOSEPH P. MCKAY (99006)
TRAVIS J. FOWLER #2007223
WILLIAM D. SHELTON, JR. # 2011086
FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol, Suite 2000
Little Rock, AR 72201-3522
501-370-1497 – Telephone
501-376-2147 – Facsimile

Attorney for Defendant Union Pacific Railroad Company

By: /s/ Joseph P. McKay
        JOSEPH P. MCKAY

**CERTIFICATE OF SERVICE**

I, Joseph P. McKay, hereby certify that a true and correct copy of the foregoing pleading has been filed using the CM/ECF system on this 8th day of September, 2011 and the clerk of the court will forward a copy to the following:

James F. Swindoll
Law Offices of James F. Swindoll
Attorneys at Law
212 Center St., Suite 300
Little Rock, AR 72201

/s/ Joseph P. McKay
JOSEPH P. MCKAY